NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10325 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00074-LJO-SKO-1 |
| v. | |
| DAVID KHACHO, AKA David A. Khacho, AKA David Apraem Khacho, AKA David Apream Khacho, AKA Physcho Khacho, AKA Psycho Khacho, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

David Khacho appeals from the district court's judgment and challenges the 180-month sentence imposed following his guilty-plea conviction for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Khacho contends that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to verify that he had reviewed and discussed the presentence investigation report (PSR) with his counsel. Even assuming the district court violated Rule 32(i)(1)(A), the error was harmless. *See United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007). Although Khacho asserts that he did not have the opportunity to review the PSR or discuss it with counsel, he has not identified any factual dispute that he would have presented to the district court had he been given the opportunity. Rather, Khacho argues only that he might have made a sentencing entrapment argument and generally requested a lower sentence. Khacho has not identified any fact in the PSR that he would have challenged in connection with these arguments, which he could have made without reference to the PSR. Thus, any error was harmless. *See id.* at 863-64 (failure to confirm defendant's review of the PSR was harmless because defendant did not identify "*any* fact in the PSR he would have disputed had the sentencing judge afforded him the opportunity").

**AFFIRMED.**

18-10325